Counsel are listed on the signature page due to space considerations

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MPL BRANDS NV, INC. d/b/a PATCO BRANDS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BUZZBALLZ, LLC,<br><br>　　　　　　Defendant. | Case No. 3:24-cv-01282-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Civil L.R. 16-9, Standing Order for All Judges of the Northern District of California, and Judge James Donato's Standing Order for Civil Cases, MPL Brands, NV, Inc. d/b/a/ Patco Brands ("Patco") and BuzzBallz, LLC ("BuzzBallz") (collectively, the "Parties") file this Joint Case Management Statement.

**1.     JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 2201(a).

The Parties disagree as to whether this Court may exercise personal jurisdiction over BuzzBallz.

BuzzBallz was served pursuant to Civil L.R. 4.2 on March 8, 2024.

**2.     FACTS**

   **a.     Brief Chronology of Facts**

On March 1, 2024, Patco filed its original complaint (1) seeking a declaratory judgment that Patco's Big Sipz beverage container does not infringe U.S. Patent No. 11,738,904 ("the '904 patent") and (2) alleging a cause of action for unfair competition pursuant to California Bus. Prof. Code § 17200 *et seq*. based on BuzzBallz's prosecution and enforcement efforts for the '904 patent.

On March 29, 2024, Patco filed its First Amended Complaint, which includes a third cause of action seeking a declaratory judgment that Patco does not infringe U.S. Patent No. 11,932,441 ("the '441 patent"). Patco also amended its unfair competition cause of action to also address the '441 patent.

On May 7, 2024, BuzzBallz filed a motion to dismiss the First Amended Complaint due to alleged lack of personal jurisdiction. The parties are still briefing that issue.

   **b.     Statement of Principle Factual Issues**

**Plaintiff's Statement:**

The key issues in this case include:

- whether the Big Sipz container infringes any of the claims of the '904 and '441 patents ("the patents-in-suit") as construed by the Court;
- whether BuzzBallz procured the patents-in-suit while deliberately and intentionally withholding material information from the Patent Office;
- whether Big Sipz engaged in unfair business practices; and
- whether Patco is entitled to damages, the amount of such damages, or any other relief for harm caused by BuzzBallz's unfair business practices.

These factual issues are not intended to be final or exhaustive, and Patco reserves the right to revise or include any other appropriate issues as they develop or become known to Patco through the course of discovery and investigation.

**Defendant's Statement:**

The key factual (and legal) issue the Court must first decide is whether it can exercise personal jurisdiction over BuzzBallz in connection with the causes of action alleged by Patco. If personal jurisdiction is not proper, this case should be dismissed. If the Court determines that personal jurisdiction is proper, the subsequent factual issues will include those identified above by Patco as well as factual issues in connection with any counterclaims BuzzBallz may assert. For example, if BuzzBallz asserts infringement counterclaims based on the patents-in-suit, the factual issues will include whether BuzzBallz is entitled to damages, in what amount, or any other compensatory relief for Patco's infringement of the patents-in-suit.

### 3. LEGAL ISSUES

**Plaintiff's Statement:**

The legal disputes in this case include whether Patco's products do not infringe the patents-in-suit as a matter of law and whether BuzzBallz's intentional omission of critical prior art in the prosecution of the patents-in-suit renders BuzzBallz's patents unenforceable and/or entitles Patco to relief under California's unfair competition law. Another legal issue likely to arise is the construction of any disputed claim limitations.

The legal issues set forth above are not intended to be final or exhaustive, and Patco reserves the right to revise or include any other appropriate issues as they develop or become known to Patco through the course of discovery and investigation.

**Defendant's Statement:**

The key legal (and factual) issue the Court must first decide is whether it can exercise personal jurisdiction over BuzzBallz in connection with Patco's causes of action. If personal jurisdiction is not proper, this case should be dismissed. If the Court determines that personal jurisdiction is proper, the subsequent legal issues will include those identified above by Patco as well as legal issues in connection with any counterclaims BuzzBallz may assert. For example, if BuzzBallz asserts infringement counterclaims based on the patents-in-suit, the legal issues will include whether BuzzBallz is entitled to a permanent injunction or other equitable relief to prevent Patco's further infringement of the patents-in-suit.

### 4. MOTIONS

On May 7, 2024, BuzzBallz filed a motion to dismiss for lack of personal jurisdiction. On May 21, 2024, Patco filed a response in opposition to BuzzBallz's motion to dismiss, and BuzzBallz has not yet filed its reply brief. If BuzzBallz's motion to dismiss for lack of personal jurisdiction is denied, BuzzBallz expects to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to Patco's unfair competition claim once pleadings are closed. Additionally, BuzzBallz may file a motion for summary judgment at the appropriate time, if necessary. Patco may file dispositive motions dependent upon causes of actions asserted in BuzzBall's Answer or Counterlcaims, which BuzzBallz will not file until after the Court decides the pending motion to dismiss. Otherwise, the parties do not anticipate any additional motions at this time.

### 5. AMENDMENT OF PLEADINGS

Patco filed its First Amended Complaint on March 29, 2024. Patco does not intend to file any additional amendments to the pleadings at the present time. However, BuzzBallz has yet to

file an Answer or Counterclaims. If BuzzBallz's motion to dismiss for lack of personal jurisdiction is denied, the Parties propose that the deadline to amend pleadings be set for 30 days after the Court's Construction Ruling.

## 6. EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines for the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action, including the guidance specified in ESI Guidelines 2.01 and 2.02 and the Checklist for ESI Meet and Confer.

As a general matter, the parties have undertaken steps, within reasonable bounds, to preserve documents and ESI potentially relevant to this case.

The parties have discussed and will continue to discuss the scope and nature of discovery in this case.

## 7. DISCLOSURES

The parties anticipate compliance with the initial disclosure requirement of Rule 26(a) of the Federal Rules of Civil Procedure in accordance with the schedule set forth below.

## 8. DISCOVERY

No discovery has taken place as of this date. The parties propose that discovery be stayed until the resolution of BuzzBallz's motion to dismiss, with the exception being if the Court orders that discovery is warranted regarding the personal jurisdiction dispute.

The parties anticipate entering a stipulated e-discovery order and discovery plan pursuant to Fed. R. Civ. P. 26(f).

### a. The Scope of Anticipated Discovery

If BuzzBallz's motion to dismiss for lack of personal jurisdiction is denied, the Parties anticipate discovery on claims in Patco's First Amended Complaint and defenses and counterclaims in BuzzBallz's Answer, should any Answer be filed.

**Plaintiff's Statement:**

Patco intends to pursue discovery from BuzzBallz regarding at least the following: (1) issues related to the construction of the claims of the patent-in-suit; (2) BuzzBallz knowledge of prior art to the patents-in-suit; (3) prosecution of the patents-in-suit; (4) licensing of the patents-in-suit; (5) BuzzBallz's basis for its claims of infringement; and (6) BuzzBallz's prayer for relief and alleged entitlement thereto.

**Defendant's Statement:**

If the Court determines that personal jurisdiction over BuzzBallz is proper, the anticipated scope of discovery will include the areas identified above by Patco as well as areas relating to any counterclaims BuzzBallz may assert. For example, if BuzzBallz asserts infringement counterclaims based on the patents-in-suit, the anticipated discovery will include the sales, revenues, and profits for Patco's accused products and evidence of Patco's willful infringement.

      b.  **Proposed Limitations or Modifications of Discovery Rules**

**Method of Service:** The parties agree to serve documents by email in lieu of personal service or service by U.S. mail pursuant to Fed. R. Civ. P. 5(b)(2)(E).

**Format for Production of Electronically Stored Information:** The parties agree to produce documents as individually stamped, single-page TIFF filed with a load file, where practical.

**Claims of Privilege:** The parties agree that attorney-client privileged documents and work product documents (including electronically stored information) created after September 15, 2023 **(the date BuzzBallz first sued Patco for infringement of the '904 patent) need not be logged.**

**Protective Order:** The parties discussed requesting a stipulated protective order during the Rule 26(f) conference and will negotiate the terms of the proposed protective order based on Northern District of California's Model Protective Order. The parties will present the disputes,

if any, to the Court for resolution. In the meantime, Patent Local Rule 2-2 Interim Model Protective Order will govern the production of any confidential information.

**Discovery from Experts:** The parties agree that neither party needs to produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who support the expert, or drafts of expert reports. However, if an expert relies upon any such communication to support the expert's opinion, the communication is discoverable.

**Requests for Admission, Requests for Production of Documents and Things, and Depositions:** The parties are negotiating appropriate discovery limits, which will be finalized after the resolution of BuzzBallz's motion to dismiss, the resolution of Patco's motion to transfer the Nevada Action to California, and any responsive pleadings, such that the full scope of issues in dispute are known to the parties.

### 9. CLASS ACTIONS

This suit is not a class action, and no class will be certified.

### 10. RELATED CASES

BuzzBallz has alleged infringement of the patents-in-suit in the following cases:

- *BuzzBallz, LLC v. MPL Brands NV, Inc. d/b/a Patco Brands*, No. 1:23-cv-01115-RP (W.D. Tex.) (filed Sept. 15, 2023) (the "Texas Action"). In this case, BuzzBallz originally alleged that the Big Sipz container infringed the '904 patent. All patent infringement allegations in this case were dismissed through BuzzBallz's filing of an amended complaint on November 2, 2023. Patco has moved to transfer the Texas Action to California, which BuzzBallz has opposed.

- *BuzzBallz, LLC v. MPL Brands NV, Inc. d/b/a Patco Brands*, No. 2:24-cv-00548-JAD-BNW (D. Nev.) (filed Mar. 20, 2024) (the "Nevada Action"). In this case, BuzzBallz alleges that the Big Sipz container infringes the '441 patent. Patco has moved to transfer the Nevada Action to California, which BuzzBallz intends to oppose.

**11.  RELIEF**

**Plaintiff's Statement of Relief Sought:**

Patco seeks the relief requested in its Complaint, including: a judgment declaring that Patco has not and does not infringe any enforceable claims of the patents-in-suit; actual damages resulting from BuzzBallz's unfair competition; and that this case has been deemed exceptional and that Patco be awarded increased damages and attorneys' fees pursuant to 35 U.S.C. § 285.

**Defendant's Statement of Relief Sought:**

At this time, BuzzBallz does not seek relief from the Court other than dismissal for lack of personal jurisdiction.  BuzzBallz reserves the right to seek additional relief, including in connection with any counterclaims it may assert, if this case proceeds forward.

**12.  SETTLEMENT AND ADR**

The parties have agreed to select an appropriate ADR proceeding after the motions to dismiss and transfer have been resolved so that the parties know the full scope of issues to be addressed during the ADR.

**13.  OTHER REFERENCES**

The Parties do not believe this case to be suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**14.  NARROWING OF ISSUES**

The parties do not propose any narrowing of issues at this point in time.

**15.  SCHEDULING**

The Parties believe that the schedule should be set based off the Court's ruling on the motion to dismiss and, if the motion is denied, the subsequent filing of BuzzBallz's answer and counterclaims, because those will likely raise issues of infringement that would impact the case schedule. Accordingly, the parties intend to meet and confer and submit a supplemental proposed schedule with specific dates within two weeks of any denial of BuzzBallz's Motion to Dismiss. In the interim, the parties propose the following estimated schedule:

- **Initial Disclosures**: Two weeks after the Court's ruling on the motion to dismiss, if the motion is denied.

- **BuzzBallz Answer and Counterclaims:** Two weeks after the Court's ruling on the motion to dismiss, if the motion is denied.

- **Patco's Response to Counterclaims:** Two weeks after the filing of BuzzBallz's answer.

- **Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1) and Document Production Accompanying Disclosure (Patent L.R. 3-2):** Two weeks after the filing of BuzzBallz's answer.

- **Invalidity Contentions (Patent L.R. 3-3) and Document Production Accompanying Invalidity Contentions (Patent L.R. 3-4):** 45 days after the service of the Disclosure of Asserted Claims and Infringement Contentions.

- **Exchange Proposed Terms for Construction (Patent L.R. 4-1):** 14 days after service of the invalidity contentions.

- **Exchange Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2):** 21 days after the exchange of the list pursuant to Patent L.R. 4-1.

- **Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3):** 60 days after service of the Invalidity Contentions.

- **Completion of Claim Construction Discovery:** 30 days after service and filing of the Joint Claim Construction and Prehearing Statement.

- **Opening Claim Construction Brief:** 45 days after service and filing the Joint Claim Construction and Prehearing Statement.

- **Claim Construction Opposition Brief:** 14 days after service of the Opening Brief.

- **Claim Construction Reply Brief:** 7 days after service of the Opposition Brief.

- **Claim Construction Tutorial:** To be scheduled by the Court pursuant to the Standing Order for Claim Construction in Patent Cases Before Judge James Donato. The parties, however, do not believe that a tutorial is necessary given the level of technology at issue in this case.

- **Claim Construction Hearing:** To be scheduled by the Court pursuant to the Standing Order for Claim Construction in Patent Cases Before Judge James Donato in approximately March, 2025.

- **Advice of Counsel (Patent L.R. 3-7):** 30 days after service of the Court's Claim Construction Ruling.

- **Damages Contentions (Patent L.R. 3-8):**  50 days after service of the invalidity contentions.

- **Responsive Damages Contentions (Patent L.R. 3-9):**  30 days after service of the Damages Contentions.

- **Damages Contentions Meeting (Patent L.R. 3-10):**  60 days after the service of Responsive Damages Contentions.

- **Fact Discovery Cut-Off:**  60 days after the Court issues a claim construction ruling.

- **Initial Expert Disclosures:**  30 days after the Fact Discovery Cut-Off.

- **Rebuttal Expert Disclosures:**  30 days after exchange of Initial Expert Reports.

- **Reply Expert Disclosures:**  14 days after exchange of Rebuttal Expert Reports.

- **Expert Discovery Cut-Off:**  15 days after exchange of Reply Expert Reports.

- **Last Day to Hear Dispositive and Daubert Motions:**  Pursuant to paragraph 15 of the Standing Order for Claim Construction in Patent Cases Before Judge James Donato, the last date for hearing of dispositive motions is to be determined after the Court issues its Claim Construction Ruling.

- **Pretrial Conference:**  To be set based on the trial date set by the Court.

- **Trial Begins:**  To be set by the Court in approximately early December of 2025.

**16.   TRIAL**

Plaintiff has requested a jury trial.  The Parties expect the trial to last 5-6 days.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their Certifications of Interested Entities or Persons pursuant to Civil L.R. 3-15.  The Parties certified that, other than Plaintiff MPL/Patco, Defendant BuzzBallz, and Sazerac Investments, LLC, the Parties are unaware of any other interested entities.

**18.   PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   PATENT RELATED REQUIREMENTS FOR CASE MANAGEMENT STATEMENT FROM CIVIL L.R. 2-1(b)**

(1)   The parties do not propose any additional modifications to the Patent Local Rules at this time.

(2)   The timing for claim construction discovery is set forth in the schedule above. Any witness who submits an expert report in support of claim construction must be made available for deposition, if requested, within a week of the submission of the declaration.

(3)   The format of the claim construction hearing will consist of oral argument by counsel with no live testimony.  The parties will alternate which party presents first on a claim term.  The parties estimate the hearing will take 1.5 hours.

(4)   Given the level of technology at issue in the claims, the parties do not believe that a technical tutorial is required.

(5)   Plaintiff Patco does not have an estimate of its damages at this time.  Patco requires discovery from BuzzBallz regarding BuzzBallz sales figures in order to estimate the damages, including loss of sales to BuzzBallz, that it has incurred.  Patco estimates that it should be able to provide an estimate of damages after it has received financial discovery from BuzzBallz. BuzzBallz has not yet asserted a claim for any relief and therefore does not have an estimate of any damages.

| | |
|---|---|
| 1 | Dated this 23 May 2024 |

By:  /s/ Daniel T. Shvodian
Daniel T. Shvodian, Bar No. 184576
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 838-4300
Facsimile:  (650) 737-5461
DShvodian@perkinscoie.com

*Attorneys for Plaintiff MPL Brands NV, Inc. d/b/a Patco Brands*

By:  /s/ Jason W. Whitney
JASON T. LAO (Cal. Bar No. 288161)
jason.lao@haynesboone.com
ANDREA LEVENSON (Cal. Bar No. 323926)
andrea.levenson@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

JASON P. BLOOM
(*pro hac vice*) (Tex. Bar No. 24045511)
jason.bloom@haynesboone.com
HAYNES AND BOONE, LLP
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

JASON W. WHITNEY
(*pro hac vice*) (Tex. Bar No. 24066288)
jason.whitney@haynesboone.com
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 1200
San Antonio, Texas 78205
Telephone: (210) 978-7000
Facsimile: (210) 978-7450

*Attorneys for Defendant BuzzBallz, LLC*

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Daniel T. Shvodian, attest that concurrence in the filing of this document has been obtained from counsel for Defendant.

Dated: May 23, 2024

                                                */s/ Daniel T. Shvodian*
                                                Daniel T. Shvodian